### ADAMS v. BALL.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

INJUNCTION—ASSIGNMENT FOR BENEFIT OF CREDITORS—CLAIMS OF THIRD PARTIES.

Where, in an action by a creditor against the debtor's assignee under a general assignment, the plaintiff claims that certain property received and sold by the assignee belonged to plaintiff, and the facts alleged are not controverted by the assignee, an injunction order restraining the disposition of the proceeds until it can be determined in the action whether the plaintiff is entitled to recover is properly granted, under Code Civ. Proc. § 604.

Appeal from special term.

Action by William R. Adams against Edward H. Ball. From an order restraining defendant, as assignee, from disposing of a portion of the assessed property during the pendency of an action in behalf of plaintiff to recover that amount, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Julius H. Seymour, for appellant.
John C. Judge, for respondent.

WILLIAMS, J. The action was brought to recover the proceeds of a sale by defendant assignee of certain stocks alleged to have been the property of the plaintiff. The assignment was made August 31, 1897, and gave preferences to a considerable amount; and, if the assignee were allowed to apply the assets in his hands upon these pre-

ferred debts, there would be no assets remaining to meet plaintiff's judgment, if he recovered one. The claim made by plaintiff was that at the time of the assignment the assignor had in its possession the stocks in question, belonging to plaintiff; that these stocks were held subject to a lien in favor of the assignor for the purchase price thereof, less $5,000 paid thereon by the plaintiff; that after the assignment the assignee sold the stocks, and realized upon such sale, over and above the amount remaining unpaid by the plaintiff for the purchase price of the stocks, the amount in question, $4,212.50, which moneys came into his hands, and were the proceeds of the sale of plaintiff's stock, and belonged to the plaintiff, and the plaintiff was entitled to recover the same, without reference to the other assets of the assigned estate, or the claims of creditors payable therefrom. The plaintiff made an application to the court to compel the assignee to pay this money over to him. The assignee did not controvert the facts made to appear by the plaintiff's papers. The court apparently doubted its power to make the order applied for, but did grant the injunction, upon the application of the plaintiff. The usual undertaking was given. The case came directly within section 604 of the Code of Civil Procedure, as it appeared that the defendant was about to do an act (viz. pay to the preferred creditors the money realized from the sale of plaintiff's stock) tending to render the judgment demanded ineffectual. The injunction was very properly granted, to restrain the disposition of these moneys until it could be determined in this action whether the plaintiff was entitled to recover these moneys, as the proceeds of the sale of stocks belonging to him, and to which the preferred and other creditors had no right whatever.

The order appealed from should be affirmed, with costs. All concur.